**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| **TEDDY HUTCHISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-cv-0397** |
| | ) | **Judge Nixon** |
| **METROPOLITAN GOVERNMENT** | ) | |
| **OF NASHVILLE AND DAVIDSON** | ) | |
| **COUNTY and OFFICER BYRON CARTER,** | ) | |
| **OFFICER SCOTT BILLINGSBY, and** | ) | |
| **other Unknown Officers, in their individual** | ) | |
| **and official capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF
METROPOLITAN GOVERNMENT'S MOTION TO DISMISS**</u>

The Metropolitan Government of Nashville and Davidson County hereby moves to dismiss Plaintiff's claim against it in this action. Plaintiff's complaint fails to state a viable claim against the Metropolitan Government for municipal liability under 42 U.S.C. § 1983, in that it fails to allege facts to support that the officer conduct at issue resulted from a custom, policy, or practice of the Metropolitan Government. Accordingly, and as described in more detail below, the Metropolitan Government should be dismissed as a defendant to this action.

**FACTUAL ALLEGATIONS**

Plaintiff alleges in the complaint that on September 25, 2008, at approximately 11:00 a.m., Plaintiff was operating a vehicle legally owned by a friend, Timothy Sykes. (Compl., Docket Entry No. 1, ¶¶ 9, 10.) Mr. Sykes was a passenger in the vehicle at the time. (<u>Id.</u> ¶ 10.) Plaintiff alleges that five police vehicles surrounded the vehicle he was driving and that several police officers, including the two named defendant officers, exited their vehicles with weapons

drawn. (<u>Id.</u> ¶¶ 13-14.) According to the complaint, the officers ordered Plaintiff out of the vehicle. (<u>Id.</u> ¶ 14.)

Plaintiff contends that he lost a leg in 2003 and requires the use of a prosthesis or crutches to move from one location to another. (<u>Id.</u> ¶ 16.) He further alleges that defendant Officer Byron Carter ordered Plaintiff out of the vehicle and would not allow Plaintiff access to his crutches. (<u>Id.</u> ¶¶ 18-20.) The complaint alleges that Plaintiff was searched and ordered into the floorboard of Officer Carter's squad car. (<u>Id.</u> ¶ 23.) According to Plaintiff, the search revealed no contraband "or other reason for detaining the individuals." (<u>Id.</u> ¶ 27.)

Plaintiff asserts Fourth and Fourteenth Amendment violations in this case, pursuant to 42 U.S.C. § 1983.

## STANDARD OF REVIEW

The standard for testing the sufficiency of the allegations in a complaint in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) was articulated by the United States Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554-58, 562-63, 570 (2007). A plaintiff must allege in a complaint "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. In reaching its decision in <u>Twombly</u>, the Supreme Court recited the old standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), which held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> at 45-46. As to this standard, the Supreme Court in <u>Twombly</u> opined, "after puzzling the profession for 50 years, this famous observation has earned its retirement." <u>Twombly</u>, 550 U.S. at 563. In its place, the new standard for testing the sufficiency of a complaint in a Rule 12 motion is whether "enough facts [have been set forth] to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.

Additionally, the Supreme Court recently clarified that the <u>Twombly</u> standard is not limited to antitrust cases. Rather, "[t]hough <u>Twombly</u> determined the sufficiency of a complaint sounding in antitrust, the decision was based on [the Court's] interpretation and application of Rule 8 [of the Federal Rules of Civil Procedure]." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1953 (2009). The "decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions,'" including this one. <u>Iqbal</u>, 129 S. Ct. at 1953.

## LEGAL ARGUMENT

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983, which serves as a vehicle through which plaintiffs can allege violations of constitutional rights or other federal law against municipalities. Section 1983, however, will not support a claim against a municipality based upon a *respondeat superior* theory of liability. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-91 (1978). Rather, a municipality may be held liable "only for the adoption of a 'policy or custom' that violates federally protected rights." <u>Schroder v. City of Fort Thomas</u>, 412 F.3d 724, 727 (6th Cir. 2005); <u>see</u> <u>also</u> <u>Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro</u>, 477 F.3d 807, 819 (6th Cir. 2007).

Plaintiff's complaint fails to allege any facts that could form the basis for a viable claim against the Metropolitan Government under <u>Monell</u>. Rather, Plaintiff's complaint is based entirely upon the conduct of the officers on the day in question – conduct for which the Metropolitan Government simply cannot be held vicariously liable under federal law. Because the complaint fails to allege facts to establish a claim for municipal liability under Section 1983 that is "plausible on its face," the Metropolitan Government should be dismissed as a defendant. <u>Monell</u>, 436 U.S. at 690-91; <u>Twombly</u>, 550 U.S. at 570.

## CONCLUSION

Because Plaintiff's complaint fails to allege any facts to establish a viable claim for municipal liability under Section 1983 and <u>Monell</u>, the Metropolitan Government respectfully requests that the Court dismiss it as a defendant to this lawsuit.

Respectfully submitted,

THE DEPARTMENT OF LAW OF
THE METROPOLITAN GOVERNMENT
OF NASHVILLE AND DAVIDSON COUNTY
Sue Cain (#9380) Director of Law

s/Allison L. Bussell
Keli J. Oliver (#21023)
Allison L. Bussell (#23538)
Assistant Metropolitan Attorneys
P.O. Box 196300
108 Metropolitan Courthouse
Nashville, Tennessee 37219-6300
(615) 862-6341

### <u>Certificate of Service</u>

This is to certify that a copy of the foregoing has been forwarded, via the electronic filing system, to Larry L. Crain, 5214 Maryland Way, Suite 402, Brentwood, TN 37027, on this the <u>1st</u> day of June, 2009.

s/Allison L. Bussell
Allison L. Bussell