IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TEDDY HUTCHISON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-cv-0397 |
| | ) | Judge Nixon |
| METROPOLITAN GOVERNMENT | ) | |
| OF NASHVILLE AND DAVIDSON | ) | |
| COUNTY and OFFICER BYRON CARTER, | ) | |
| OFFICER SCOTT BILLINGSBY, and | ) | |
| other Unknown Officers, in their individual | ) | |
| and official capacities, | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## METROPOLITAN GOVERNMENT'S MOTION TO DISMISS

The Metropolitan Government of Nashville and Davidson County hereby moves to dismiss Plaintiff's claim against it in this action. Plaintiff's amended complaint fails to state a viable claim against the Metropolitan Government for municipal liability under 42 U.S.C. § 1983, in that it makes only a "formulaic recitation of the elements" of a Section 1983 municipal liability claim without further factual enhancement. Accordingly, and as described in more detail below, the Metropolitan Government should be dismissed as a defendant to this action.

### FACTUAL ALLEGATIONS

Plaintiff alleges in the amended complaint that on September 25, 2008, at approximately 11:00 a.m., Plaintiff was operating a vehicle legally owned by a friend, Timothy Sykes. (Am. Compl., Docket Entry No. 13, ¶¶ 9, 10.) Mr. Sykes was a passenger in the vehicle at the time. (Id. ¶ 10.) Plaintiff alleges that five police vehicles surrounded the vehicle he was driving and that several police officers, including the two named defendant officers, exited their vehicles

with weapons drawn. (Id. ¶¶ 13-14.) According to the amended complaint, the officers ordered Plaintiff out of the vehicle. (Id. ¶ 14.)

Plaintiff contends that he lost a leg in 2003 and requires the use of a prosthesis or crutches to move from one location to another. (Id. ¶ 16.) He further alleges that defendant Officer Byron Carter ordered Plaintiff out of the vehicle and would not allow Plaintiff access to his crutches. (Id. ¶¶ 18-20.) The complaint alleges that Plaintiff was searched and ordered into the floorboard of Officer Carter's squad car. (Id. ¶ 23.) According to Plaintiff, the search revealed no contraband "or other reason for detaining the individuals." (Id. ¶ 27.)

Plaintiff asserts Fourth and Fourteenth Amendment violations in this case, pursuant to 42 U.S.C. § 1983. Unlike his original complaint, Plaintiff's amended complaint also avers that the allegedly unconstitutional conduct of the officers on the scene was caused by the customs, policies, or practices of the Metropolitan Government. (Id. ¶ 39, 40, 42, 45).

**STANDARD OF REVIEW**

The standard for testing the sufficiency of the allegations in a complaint in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) was articulated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-58, 562-63, 570 (2007). A plaintiff must allege in a complaint "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In reaching its decision in Twombly, the Supreme Court recited the old standard set forth in Conley v. Gibson, 355 U.S. 41, 47 (1957), which held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. As to this standard, the Supreme Court in Twombly opined, "after puzzling the profession for 50 years, this famous observation has earned its retirement." Twombly, 550 U.S. at 563. In its place, the new standard

for testing the sufficiency of a complaint in a Rule 12 motion is whether "enough facts [have been set forth] to state a claim to relief that is plausible on its face." Id. at 570.

Additionally, the Supreme Court recently clarified the Twombly standard. First, the Supreme Court held that the standard is not limited to antitrust cases. Rather, "[t]hough Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on [the Court's] interpretation and application of Rule 8 [of the Federal Rules of Civil Procedure]." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). The "decision in Twombly expounded the pleading standard for 'all civil actions,'" including this one. Iqbal, 129 S. Ct. at 1953.

As the Supreme Court reiterated in Iqbal, "'where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of' entitlement to relief.'" 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, the tenet that a court must accept as true all of the well-pleaded *factual* allegations contained in a complaint is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Id. at 1950. (citations omitted). Determining whether a complaint states a claim for relief that is plausible on its face is a context-specific exercise that requires a court to "draw in its judicial experience and common sense." Id.

## LEGAL ARGUMENT

Plaintiff brings this lawsuit pursuant to Section 1983, which serves as a vehicle through which plaintiffs can allege violations of constitutional rights or other federal law against municipalities. Section 1983, however, will not support a claim against a municipality based

upon a *respondeat superior* theory of liability. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-91 (1978). Rather, a municipality may be held liable "only for the adoption of a 'policy or custom' that violates federally protected rights." <u>Schroder v. City of Fort Thomas</u>, 412 F.3d 724, 727 (6th Cir. 2005); <u>see</u> <u>also</u> <u>Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro</u>, 477 F.3d 807, 819 (6th Cir. 2007). Claims based on this theory typically involve allegations that the municipality failed to train, discipline, or supervise its employees appropriately, and thereby created a custom or practice of constitutional violations. <u>See, e.g.</u>, <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989); <u>Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.</u>, 32 F.3d 989, 996 n.8 (6th Cir. 1994); <u>Berry v. City of Detroit</u>, 25 F.3d 1342, 1345-55 (6th Cir. 1994).

Plaintiff's initial complaint in this case failed to allege any facts that could form the basis for a viable claim against the Metropolitan Government under <u>Monell</u> and made no reference at all to the customs, policies, or practices of the Metropolitan Government. Likewise, the initial complaint made no mention of the Metropolitan Government's training of its officers. In response to the Metropolitan Government's motion to dismiss, Plaintiff amended his complaint to add conclusory allegations that are no more than the "formulaic recitation of the elements" that the Supreme Court has repeatedly stated is insufficient to state a claim for relief.

Plaintiff has added the following allegations in his amended complaint:

> **39. The regulations, customs, policies, or practices of Defendant Metropolitan Government and its officials regarding stopping vehicles and/or ordering passengers to step out of those vehicles permitted, tolerated, and/or encouraged Defendants Carter, Billingsby, and other unknown officers' stopping without sufficient cause the Vehicle and demanding Plaintiff to exit from the vehicle in disregard of his disability.**

> **40. Defendant Metropolitan Government and its officials failed to provide adequate training to Defendants Carter,**

R:\L\L\L-15000+\L-15011\Pleadings\Motions & MOL\Metro\Drafts\MTDAmCompl-MOLMetro.doc
Case 3:09-cv-00397 Document 16 Filed 06/25/09 Page 4 of 6 PageID #: 71

4

**Billingsby, and other unknown officers about stopping vehicles and/or ordering passengers to step out of those vehicles in disregard of their disabilities or injuries.**

Plaintiff also added the conclusory allegation to paragraphs 42 and 45 of the amended complaint that the conduct of the Defendant Officers was" pursuant to Defendant Metropolitan Government's custom or policy of inaction." (Am. Compl., Docket Entry No. 13 at ¶¶ 39, 40, 42, 45).

These paragraphs of the Amended Complaint are not well-pleaded factual allegations but are instead the very type of "legal conclusions" that the Supreme Court has held are not required to be taken as true for purposes of a motion to dismiss. The elements of a Section 1983 municipal liability action require that the defendant's "custom, policy, or practice" cause the constitutional deprivation at issue, and Plaintiff has now amended his complaint to make the bare assertion, with no facts to support it, that a Metropolitan Government custom, policy, or practice caused the alleged constitutional violation in this case. Plaintiff also includes the conclusory allegation that the Metropolitan Government's failed to provide inadequate training to its officers. Again, this allegation is contained in one conclusory paragraph with no further factual support and simply represents the kind of boilerplate allegation typically asserted in a municipal liability claim.

Here, Plaintiff asks this Court to accept as true legal conclusions masquerading as factual allegations – an approach that the Supreme Court has expressly rejected in <u>Twombly</u> and <u>Iqbal</u>. Plaintiff's amended complaint recites the elements of a Section 1983 claim in a few conclusory paragraphs, with no further factual enhancement for his allegations against the Metropolitan Government. These conclusory paragraphs were added in response to the Metropolitan Government pointing out in a motion to dismiss the original complaint (Docket Entry No. 6) that

Plaintiff had made no factual allegations against the Metropolitan Government at all. Because Plaintiff does not state a claim against the Metropolitan Government under Section 1983 even after adding a few threadbare assertions of municipal liability to his amended complaint, the Metropolitan Government should be dismissed as a defendant in this lawsuit.

> Respectfully submitted,
>
> THE DEPARTMENT OF LAW OF
> THE METROPOLITAN GOVERNMENT
> OF NASHVILLE AND DAVIDSON COUNTY
> Sue Cain (#9380) Director of Law
>
> s/Keli J. Oliver
> Keli J. Oliver (#21023)
> Allison L. Bussell (#23538)
> Assistant Metropolitan Attorneys
> P.O. Box 196300
> 108 Metropolitan Courthouse
> Nashville, Tennessee 37219-6300
> (615) 862-6341

**Certificate of Service**

This is to certify that a copy of the foregoing has been forwarded, via the electronic filing system, to Larry L. Crain, 5214 Maryland Way, Suite 402, Brentwood, TN 37027, on this the 25th day of June, 2009.

> s/Keli J. Oliver
> Keli J. Oliver